## ROBINSON-HUMPHREY COMPANY *v.* WILCOX COUNTY.

1. As a general rule it is better that the judge should not suggest to counsel how to try their cases; but if the plaintiff's petition alleges such facts as to show that in law. he is not in any event entitled to recover, it is not an abuse of discretion for the judge to raise the question and entertain a motion to dismiss the suit.

2. There is no authority of law for a county to enter into an executory contract for the sale of bonds which, at the time of the contract, the county is not authorized to issue. For a breach of such an undertaking an action for damages will not lie against the county.

Submitted May 25,—Decided August 13, 1907.

Complaint. Before Judge Martin. Wilcox superior court. March 31, 1906.

*Eldridge Cutts, D. B. Nicholson,* and *J. H. Gilbert,* for plaintiff.

*J. L. Bankston,* for defendant.

ATKINSON, J. The plaintiff's petition as amended alleges, that the plaintiff entered into a written contract with the County of Wilcox, by the terms whereof the county agreed to sell the plaintiff certain bonds at their face value, which the county contemplated issuing for the purpose of building a court-house; that, as evidence of good faith, the plaintiff deposited with the treasurer of the county a certified check for one thousand dollars; that it was contemplated by the parties that an election should be held, under authority of the State constitution (Civil Code, §5893), to determine whether bonds should issue; that the contract was to be binding only in the event there were a sufficient number of votes cast for bonds to authorize the issue. It was further contemplated that after the election the county should cause the bonds to be validated according to the statute (Van Epps' Code Supp. §6074), and final delivery to be made for the agreed price, to be paid in cash, the purchaser furnishing at his own expense the bonds in blank, properly lithographed. An election was called, but before the day of the election there was a special meeting of the commissioners of roads and revenues of Wilcox County, called at the request of the plaintiff, which was attended by a representative of the plaintiff. At that meeting the commissioners determined not to comply with the written contract, and so notified the plaintiff. It was further alleged, that afterwards the

election was held and that a sufficient number of votes in favor of the issue of bonds was cast at such election to authorize the commissioners to issue the bonds; that the plaintiff tendered the price which he agreed to pay for the bonds, and that the same was declined; that afterwards the county sold the bonds to another person at the same price at which the plaintiff had agreed to buy; that the bonds were worth to the plaintiff, on open market, five thousand dollars more than the price at which the county had contracted to sell; and that by reason of the failure to obtain the. bonds, the plaintiff had been damaged in the sum of five thousand dollars. The prayer was for a judgment for damages. There were also allegations to the effect that, before the execution of the contract, the county authorities had levied a special tax sufficient to pay for the court-house, which was to be ·effective only in · the event there were not sufficient votes cast at the contemplated bond election to authorize the issue of bonds. The court ruled that the contract made between the county and the plaintiff was void, and that the county incurred no liability to the plaintiff for a breach thereof. Exception was taken to that ruling, and the question is here for review.

A county can not incur a liability by a contract unless it has statutory authority therefor. The authority may be express or implied; express where the statute by express terms authorizes the contract; implied where the statute makes no express reference to the contract, but authorizes certain things to be done or raises certain duties, in the performance of which it is necessary to make a contract. There is no statutory authority, either express or implied, for the making of the contract involved in this case. The contract is executory for the sale of bonds, which at the time were neither issued nor authorized to be issued. No election had been held under the provisions of the Political Code, §§ 377-381. Nor had the bonds been validated under the provisions of Van Epps' Code Supp. § 6074. Under those conditions, the contemplated bonds were not authorized to be sold. It could not from any standpoint be said that the commissioners at that time were under duty or necessity of making such a contract. If the commissioners were without authority to contract in the manner indicated, it follows that their effort was futile, and no liability in damages against the county would arise by reason of a fail-

ure to perform. Nor does it affect the case that the commissioners had levied a tax (to be collected under certain conditions) for the purpose of raising funds to construct a court-house. There was no relation between the contract in question and the tax levy. The tax levy could not raise a duty or necessity to sell the bonds. The tax levy may have been important if the contract had been for the building of the court-house, but not so where the contract is for the sale of bonds.

<div align="center">

*Judgment affirmed. All the Justices concur.*